## PEOPLE *v.* HAGAN.

*(Supreme Court, General Term, First Department.*   April 17, 1891.)

1. BURGLARY—INDICTMENT.

A modern structure five feet high and five feet long, having a window and door, and erected as a fruit stand against other premises, is properly described, in an indictment for burglary, as a "booth," under Pen. Code N. Y. § 498, defining burglary in the third degree as breaking and entering a "building" with intent to commit a crime; Pen. Code N. Y. § 504, providing that the term "building" shall include "a railway car, vessel, booth, tent, shop, or other erection or inclosure."

2. SAME—AMENDMENT—VARIANCE.

An indictment for burglary charged the property broken into to be that of one Giovanni Musac, while the evidence showed said owner's name to be Giovanni Musachio. *Held,* that such variance was a technical defect, not affecting the substantial rights of the parties, and might be amended under Code Crim. Proc. § 293, permitting amendment of the indictment for a variance disclosed by the proof in respect to the name or description of anything, if the defendant cannot be thereby prejudiced in his defense on the merits.

3. SAME—SUFFICIENCY OF EVIDENCE.

Evidence upon a trial for burglary, that the defendant was seen by an officer at the broken premises, in company with two others, one of whom, when retreating upon the approach of the officer, dropped a saw and another article taken from the premises, the defendant also retreating behind the said premises, is sufficient to justify the submission of the case to the jury.

4. SAME—INSTRUCTIONS.

An instruction that certain evidence, if true, establishes a breaking and entry and the commission of a crime is not objectionable when the judge adds, in conclusion, that those matters are for the jury to determine.

5. SAME—REMARKS OF JUDGE.

A remark of the court upon a trial for housebreaking, that the case was one of burglary in the third degree or not guilty, is not error prejudicial to the prisoner, when it prevents the jury from returning a verdict of guilty of larceny or receiving stolen property.

Appeal from court of general sessions, New York county.

Indictment against Thomas Hagan for burglary.   Defendant appeals from a judgment entered upon the verdict of a jury, convicting him of burglary in the third degree.   Code Crim. Proc. § 293, provides: "Upon the trial of an indictment, when a variance between the allegation therein and the proof in respect to time, or in the name or description of any place, person, or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof."

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Purdy & McLaughlin,* for appellant.   *De Lancey Nicoll, (McKenzie Semple,* of counsel,) for respondent.

DANIELS, J.   The defendant was indicted with two other persons for breaking and entering in the night-time the booth of the complaining witness, with intent to commit a crime therein, and stealing therefrom certain articles of personal property then being therein.   The booth was shown to be a wooden structure about five feet high, and four or five feet in length, having a window and a door, and it was erected as a fruit stand, against premises situated at the south-west corner of Twenty-Ninth street and First avenue.   The objection was taken that this structure was not a booth within the meaning of that term, as it has been used in the statute.   By section 498 of the Penal Code it has been made burglary in the third degree to break into a building or room or any part of a building with intent to commit a crime therein; and by section 504 of the same Code the word "building" has been defined to include a railway car, vessel, booth, tent, shop, or other erection or inclosure.   The term "booth" has not been further or more specially defined; and its significance, therefore, must be found in the ordinary understanding or acceptance of the word; and that has been stated by Webster to be a house or shed, built

of boards, boughs of trees, or other slight materials, for temporary occupation. This was a structure of the first description, and therefore legally designated in the indictment as a booth. It was charged to be the property of Giovanni Musac, while the complaining witness stated his last name to be Musachio, and this has been objected to as a fatal variance between the indictment and the proof. But as such a variance has by section 293 of the Code of Criminal Procedure been made amendable on the trial, and as it could not in any respect have prejudiced the defendant, it did not render the indictment invalid, and the court could, under section 684, disregard it, as that was done upon the trial; and on the appeal it has been further declared by section 542 of this Code that the court must give its judgment without regard to technical errors or defects, which do not affect the substantial rights of the parties. This was no more than such a defect, and can now be of no avail to the defendant. The evidence was sufficient to submit the question of the defendant's guilt to the jury. It was to the effect that these three persons were found by a police officer directly in the vicinity of this structure, which had been securely closed, but had then been broken open. As the officer approached, two of them walked away, and the defendant went behind it. That was about 30 minutes after midnight. One of the two dropped a blacking box, and the other a saw, which was identified by the complaining witnesses as the saw that he had left in the building. And it was also stated that a blacking box had been taken from the building. This evidence was sufficient to indicate that these three persons were acting in concert, and, as one of them had part of the property taken, that they had committed the burglary. It was sufficient to justify the submission of the case to the jury. That part of the charge has been complained of in which the recorder stated that the evidence, if it is true, establishes the fact that there was a breaking and entering into this booth, and a crime was therein committed, to-wit, the crime of larceny. But, if this was putting the case too strongly against the defendant, he was immediately relieved from the effect of it by the further remark that "the question is whether that evidence establishes to your satisfaction that there was a breaking of those premises, an entry into the premises, and a crime committed in the premises so broken and entered. It seems to me that there ought to be no difficulty in arriving at a conclusion upon that part of the case. It is, however, a matter for you to determine." That committed the matter fully to the disposition of the jury, and removed all ground that might have existed for objection to what had been previously stated. The remark that the case was one of burglary in the third degree or not guilty did not harm the defendant, as long as the jury found him to have committed that crime. It gave him a chance of acquittal, which he would not have had if his guilt of larceny or of receiving stolen property had also been included. If the jury had not found him guilty of burglary in the third degree, and either of those other inquiries had been submitted, they might have found him guilty of one of the other offenses. But that they were not allowed to do. If they did not find he had committed the higher offense, his acquittal directly followed; and that was a benefit, and not an injury, to him. The case in all respects seems to have been properly disposed of, and the judgment should be affirmed. All concur.